## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NWON, LLC,[1] | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| NEXIUS SOLUTIONS, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| VELEX, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| 2816 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| 1146 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |

---

[1]    The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are NWon, LLC (3676), Nexius Solutions, Inc. (3174), Velex, Inc. (4079), 2816 Dissolution, Inc. (2816), 1146 Dissolution, Inc. (1146), 7695 Dissolution, Inc. (7695), 3118 Dissolution, Inc. (3118), and 8634 Dissolution, Inc. (8634).  The Debtors' headquarters is located at 2051 Midway Rd, Lewisville, TX 75056.

30429831.1

| | |
|---|---|
| In re: | Chapter 7 |
| 7695 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| 3118 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| 8634 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |

## THE CHAPTER 7 CASES SCHEDULES AND SOFAS GLOBAL NOTES

**These Global Notes regarding the above-captioned debtors and debtors in possession (collectively, the "Debtors") Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them**

1.  The Debtors prepared these unaudited Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.  Except where otherwise noted, the information provided herein is presented as of the beginning of business on June 2, 2023.

2.  While the Debtors have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and SOFAs.  Moreover, because the Schedules and SOFAs contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete or accurate.

3.  In reviewing and signing the Schedules and SOFAs, [Mark Baysinger], the duly authorized and designated representative of the Debtors (the "Designated Representative"), has necessarily relied

30429831.1

2

upon the prior efforts, statements and representations of other employees, personnel, and professionals of the Debtors. The Designated Representative has not (and could not have) personally verified the accuracy of each such statement and representation that collectively provide the information presented in the Schedules and SOFAs, including but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

4. The Debtors reserve their rights to amend the Schedules and SOFAs as may be necessary or appropriate in the Debtors' sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim reflected on the Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." These Global Notes will apply to all such amendments. Furthermore, nothing contained in the Schedules or SOFAs shall constitute a waiver of the Debtors' rights with respect to the chapter 7 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.

5. Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of individual creditors are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to other transactions between them. The Debtors reserve all of their rights with respect to any such credits and allowances.

6. Some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated. In such cases, no amounts are listed or the amounts are listed as "undetermined," "unknown," or to similar effect. Accordingly, for this and other reasons the Schedules may not fully reflect the aggregate amount of the Debtors' assets and liabilities.

7. At times, the preparation of the Schedules and the SOFAs required the Debtors to make assumptions that may affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, and/or other items. Actual results could differ from those estimates. Pursuant to Fed. R. Bankr. P. 1009, the Debtors may amend their Schedules and SOFAs as they deem necessary and appropriate to reflect material changes. In addition, the Debtors, for the benefit of their estates, reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules or SOFAs.

8. Given the differences between the information requested in the Schedules and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules may not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

9. **Insiders.** Solely for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) equity holders holding in excess of 5% of the voting securities of the Debtor entities; (c) Debtor/non-Debtor affiliates; and (d) relatives of any of the

foregoing (to the extent known by the Debtors). Persons listed as "insiders" have been included for informational purposes only, and including them in the Schedules and Statements shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such person; (c) the decision-making or corporate authority of such person; or (d) whether the Debtors or such person or entity could successfully argue that such person or entity is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

10. **Schedule A/B**

With respect to Schedule A/B, substantially all of the Debtors' assets were foreclosed upon by PNC Bank, National Association, as agent for the Lenders pursuant to the Credit Agreement dated January 20, 2021, under Article 9 and subsequently sold to MNS South, LLC on January 20, 2023 (the "Purchase Agreement"). Additionally, the Debtors entered into a Purchase Agreement ("Debtor Purchase Agreement") executed on January 20, 2023, between MNS South, LLC and company that sold all remaining assets except for the Excluded Assets defined as residual cash located at PNC bank accounts, property of customers or vendors that the Debtor maintains possession, employee benefit plans, all leases of real property, and insurance policies.

   a) **Part 1, Question 3.** As of May 1, 2023, PNC Bank closed certain of the Debtors' bank accounts, and, as of the Petition Date, has begun the process of closing the remaining accounts held by the Debtors.

   b) **Part 2, Questions 6-7.** Retainer amounts paid by the Debtors to their bankruptcy counsel, Cooley LLP, and financial advisor, FTI Consulting, on an earned upon receipt basis, do not constitute an interest of the Debtors in property and are thus not listed in response to Schedule B, questions 6-7. This amount is listed in response to SOFA question 11.

   c) **Part 3, Question 11.** All accounts receivable and work performed prior to January 20, 2023 were acquired by MNS South, LLC under the Purchase Agreement. All posterior work product performed by employees belongs to MNS South, LLC under the terms of the Employee Leasing Agreement signed January 20, 2023.

   d) **Part 5, Question 19-22.** All inventory owned by the Debtors was purchased by MNS South, LLC on January 20, 2023 under the terms of the Purchase Agreement. In the ordinary course of business, the Debtor holds inventory on behalf of its customers. The value of this inventory is unknown and does not belong to the Debtor; as such, it has been excluded from the schedules.

   e) **Part 7, Question 39-45.** All property owned by the Debtors at their leased locations, including office furniture, fixtures, equipment and collectibles, was acquired by MNS South, LLC on January 20, 2023 under the terms of the Purchase Agreement.

f)  **Part 9, Question 55.** The Debtors maintain several leases for real property listed on the Schedules. These leases were excluded assets from the Debtors' Purchase Agreement with MNS South, LLC on January 20, 2023. The Debtors have made their best effort to identify all active and unassigned leases held under the Debtors but due to circumstances surrounding the Article 9 foreclosure and subsequent sale of the Debtors' assets, inadvertent errors or omissions may have been made. [Discuss w/ counsel whether necessary to include leases on this schedule or only on Schedule G]

g)  **Part 10, Question 60.** The Debtors no longer maintain registered internet domains or websites. Intellectual property previously owned by the Debtors was acquired by MNS South, LLC on January 20, 2023 under the terms of the Trademark Assignment Agreement.

h)  **Part 11, Question 71.** Certain debtor entities have notes receivable outstanding from other co-Debtors, and the face amount disclosed reflects the Debtors' books and records. Since substantially all assets have either been foreclosed upon or sold, the balance of these notes are deemed to be uncollectible.

i)  Due to the length of time that the Debtors have operated, certain Debtor entities have intercompany balances with co-Debtors. These intercompany receivables have been primarily generated through cash management transfers.

j)  **Part 11, Question 72.** The Debtors are not currently owed any tax refunds. The Debtors are uncertain whether they will retain any net operating losses for preceding tax years, but have listed their current net operating losses as of December 31, 2022. Due to circumstances surrounding the Article 9 foreclosure and subsequent sale of the Debtors' assets, the Debtors are unable to quantify for which years the listed unused net operating losses were earned. The unused net operating loss for certain Debtor filing entities, specifically, Nexius Solutions, Inc. and Velex, Inc., are undetermined at this time as transfer pricing adjustments have not been finalized.

k)  **Part 11, Question 73.** The Debtors believe there is little or no cash value to the vast majority of such insurance policies. Accordingly, such policies are not listed on Schedule A/B Part 11. All current insurance policies are listed in response to Schedule A/B 73.

11. **Schedule D**

a)  The Debtors were party to a Credit Agreement, dated as of January 20, 2021, of which the secured deficiency claim was sold to MNS South, LLC on January 20, 2023. The amount for this claim is listed as "undetermined" and marked as "unliquidated" in the schedules.

b)  The sale of the foreclosed assets from PNC National Bank, N.A. to MNS South, LLC excluded residual cash in the Debtors' bank accounts to cover in part payment of the leased employees' payroll costs under the Employing Leasing

Agreement.  Cash in the Debtors' bank accounts as of the petition date is fully collateralized by the January 20, 2023 promissory note for principal amount of $5,192,000.

c) Lastly, the Debtors take no position as to the extent or priority of any particular creditor's lien in the Schedules and Statements.

12. **Schedule E/F**

a) **Part 1.** The sales tax claims disclosed are subject to on-going audits, and the Debtors are otherwise unable to determine with certainty the amount of these tax claims listed on the schedules.  In addition, there may be other contingent, unliquidated claims from local, state or federal taxing authorities, not all of which are listed.

The listing of a claim does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

b) **Part 2.** The Debtors have made reasonable efforts to report all general unsecured claims against the Debtors based upon the Debtors' existing books and records.  The claims of individual creditors for among other things, products, goods, or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records, and may not reflect credits or allowances due from such creditors to the Debtors.

Amounts and creditors listed are derived from the Debtors' accounts payable as of May 2, 2023.  The Debtors are unable to state with certainty the dates that such debts were incurred, and accordingly, the Debtors have listed the dates in which the accounts payable liability was posted to the general ledger.  While commercially reasonable efforts have been made for other claims not derived from the Debtors' accounts payable, determining the date upon which these claims were incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for every claim listed on Schedule E/F.

The Debtor holds three unsecured Promissory Notes issued by Deficiency Lender, LLC subsequent to the Purchase Agreement with MNS South, LLC on January 20, 2023.  The unsecured Promissory Notes were issued on January 30, 2023, February 6, 2023 and February 14, 2023, in the aggregate principal amounts of $2,088,943.92, $2,771,827.34 and $1,904,536.43, respectively.  Amounts disclosed on the schedules reflect the principal and estimated accrued interest as of the Petition Date.

Schedule E/F contains information regarding pending litigation involving the Debtors.  In certain instances, the Debtor that is subject of the litigation is uncertain or undetermined.  The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F does not include certain deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

13. **Schedule G**

    a) The Debtors do not use a contract management system. They have collected contracts from existing personnel and other electronic sources. They have made their best effort to identify all contracts but due to circumstances surrounding the Article 9 foreclosure and subsequent sale of the Debtors' assets, certain contracts may not have been identified.

14. **Schedule H**

    a) Schedule H reflects Guarantees, if any, by various Debtors of obligations of related affiliates. The Debtors may not have identified certain Guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.

15. **Specific Statement Disclosures**

    a) **Statements, Part 1, Question 1.** The Debtors are unable to report revenue for the period of January 1 through [May 19, 2023] due to the timing of the Article 9 foreclosure and subsequent sale to MNS South, LLC on January 20, 2023.

    b) **Statements, Part 1, Question 2.** The Debtors entered into a settlement agreement with Launch 3 for $500,000 to be paid in 12 monthly installments of $41,666.67, commencing on September 1, 2022 and ending on August 1, 2023. The Debtors are unable to verify what installments, if any, have been collected to date.

    c) **Statements, Part 2, Questions 3 and 4.** Applicable cash disbursements made through [May 19, 2023] were captured in the disclosure. Certain payment dates disclosed (particularly those listed with the last day of a particular month) are as of the date the disbursement was posted in the Debtors' general ledger rather than specific disbursement date.

    d) **Statements, Part 2, Question 3-4.** Disbursements made to management level employees and insiders prior to filing may have included expense reimbursements for materials purchases used in the ordinary course of the Debtor's business. The Debtors' corporate credit card program was terminated in mid-2022 as a result of late and/or failure to pay. Both management level employees and executives may have purchased materials and inventory necessary for the business to operate.

    e) **Statements, Part 2, Question 5.** Substantially all of the Debtors' assets were foreclosed upon by PNC National Bank on January 20, 2023, under the terms of the Purchase Agreement.

f) **Statements, Part 2, Question 6.**  Certain creditor claims may have been purchased by MNS South, LLC but have not been released against the Debtor. Accordingly, no setoffs for such claims have been listed on the statements.

g) **Statements, Part 3, Question 7.**  The Debtors have made their best effort to identify all legal matters through existing records and former personnel, but due to circumstances surrounding the Article 9 foreclosure and subsequent sale of the Debtors' assets, inadvertent errors or omissions may have been made.

h) **Statements, Part 6, Question 11.** Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date.  The services rendered pertain to (i) debt restructuring and/or (ii) preparation of a bankruptcy petition.

i) **Statements, Part 6, Question 13.**  The transfers disclosed reflect sales of owned equipment prior to the Purchase Agreement and the transfer of all purchased assets from the 7 filing entities as defined under both the Purchase Agreement and the Debtors' Purchase Agreement for the amount of $10.00, or $1.43 per entity. The Debtors may, from time to time and in the ordinary course of business, transfer equipment and other assets and/or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed. The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party. These types of transfers have not been disclosed.

j) **Statements, Part 9, Question 7.**  Prior to the commencement of these bankruptcy cases, the 401k plan offered to employees of Nexius Solutions, Inc. was administratively integrated with the 401k plan offered to employees of B.yond, Inc., an unaffiliated non-Debtor entity. The process of spinning out the B.yond, Inc. 401k plan is well underway with a target for completion of July 1, 2023, and the termination of the Nexius Solutions, Inc. 401k plan is expected to occur soon after that process is consummated.

k) **Statements, Part 10, Question 20.** The Debtors' property was kept in leased warehouse facilities detailed in Question 14.  All personal property and assets was subsequently sold to MNS South, LLC on January 20, 2023 under the terms of the Purchase Agreement.

l) **Statements, Part 11, Question 21.** The Debtors hold control of customer owned inventory in several warehouses that are currently leased by the Debtor.  Certain 3rd party inventory held at the leased facilities has not been listed in the schedule as these parts, quantities and values are unknown.

m) **Statements, Part 11, Questions 22-24.** The Debtors are unaware of any legal proceeding, noticing or circumstance in which it has been party to a potential liability or violation of environmental law.

n) **Statements, Part 13, Question 25.** Information is based on the best historical corporate structure information available. Certain dates of ownership may be approximate, and certain historical information may be unavailable for certain entities.

o) **Statements, Part 13, Question 26(d).** The Debtors, through their investment banker, contacted dozens of parties in connection with its efforts to raise new sources of capital and shared financial information to certain of those parties, which may not be individually disclosed herein. The Debtors supplied customers certain financial information as part of the ordinary course of business, which are not individually disclosed herein.

p) **Statements, Part 13, Question 27.** The Debtors do not inventory all of their warehouse facilities at the same time. The response reflects results of the year end inventory audit process under supervision of RSM US LLP that occurred in 2021 and 2022. All values are based on historical cost.

q) **Statements, Part 13, Question 29.** William Nolan became Chief Transformation Officer in November 2023 as a provision of the Forbearance Agreement between the Debtors and PNC Bank. William Nolan is a Senior Managing Director and full-time employee of FTI Consulting, and was not a full-time acting employee of the Company. William Nolan resigned from his role of Chief Transformation Officer immediately following the Article 9 foreclosure of the Debtors' assets by PNC Bank, National Association, on January 20, 2023.

r) **Statements, Part 13, Question 30.** Distributions by the Debtors to their directors and officers are listed on the attachment to Question 4. To the extent payments to such individuals are not listed in the response to Question 4 on the Statements for such Debtor affiliates, they did not receive payment from the Debtors for their services as directors or executive officers of these entities.

16. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the Designated Representative), do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the Designated Representative) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their past or present officers, employees, attorneys, professionals and/or agents (including, but not limited to, the Designated Representative) be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

**Fill in this information to identify the case:**

Debtor name: _____ NWon, LLC _____

United States Bankruptcy Court for the: _____ District of ___ Delaware ___
                                                                         (state)

Case number (if known): _____ Unknown _____

☐ Check if this is an amended filing

# Schedule A/B:  Assets – Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No.  Go to Part 2.

   ☐ Yes.  Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2. **Cash on hand** | $                              - |
| 3. **Checking, savings, money market, or financial brokerage accounts** *(identify all)*<br>n/a | $                              - |
| 4. **Other cash equivalents** *(identify all)*<br>n/a | $                              - |
| 5. **Total of Part 1**<br>Add lines 2 through 4 (including amounts on any additional sheets).  Copy the total to line 80. | $                              - |

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

   ☑ No.  Go to Part 3.

   ☐ Yes.  Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 7. **Deposits, including security deposits and utility deposits**<br>n/a | $                              - |

| Debtor | NWon, LLC | Case number (if known) | Unknown |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
n/a

$                    -

**9. Total of Part 2**
Add lines 7 through 8. Copy the total to line 81.

$                    -

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑  No.  Go to Part 4.

☐  Yes.  Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

11a. 90 days old or less:    $                    -   -   $                    -   =   $                    -
                                                    face amount              doubtful or uncollectible accounts

11b. Over 90 days old:    $                    -   -   $                    -   =   $                    -
                                                    face amount              doubtful or uncollectible accounts

**12. Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$                    -

## Part 4: Investments

**13. Does the debtor have any accounts receivable?**

☐  No.  Go to Part 5.

☑  Yes.  Fill in the information below.

**Current value of debtor's interest**

**14. Mutual funds or publicly traded stocks not included in Part 1**
n/a

$                    -

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
See Schedule A/B:  Part 4, Question 15

**Unknown**

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
n/a

$                    -

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

**Unknown**

| Debtor | NWon, LLC | Case number (if known) | Unknown |
|--------|-----------|------------------------|---------|

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18.   Does the debtor own any inventory (excluding agriculture assets)?**

☑   No.  Go to Part 6.

☐   Yes.  Fill in the information below.

| | **Current value of debtor's interest** |
|---|---|
| **19.   Raw Materials**<br>n/a | $                                -  |
| **20.   Work in progress**<br>n/a | $                                -  |
| **21.   Work in progress**<br>n/a | $                                -  |
| **22.   Work in progress**<br>n/a | $                                -  |
| **23.   Total of Part 5**<br>Add lines 19 through 22. Copy the total to line 84. | $                                -  |

**24.   Is any of the property listed in Part 5 perishable?**
☑   No
☐   Yes

**25.   Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☑   No
☐   Yes.   Book Value _____   Valuation Method _____   Current Value _____

**26.   Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑   No
☐   Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27.   Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑   No.  Go to Part 7.

☐   Yes.  Fill in the information below.

| | **Current value of debtor's interest** |
|---|---|
| **28.   Crops—either planted or harvested**<br>n/a | $                                -  |
| **29.   Farm animals** *Examples:* Livestock, poultry, farm-raised fish<br>n/a | $                                -  |
| **30.   Farm machinery and equipment** (Other than titled motor vehicles)<br>n/a | $                                -  |
| **31.   Farm and fishing supplies, chemicals, and feed**<br>n/a | $                                -  |
| **32.   Other farming and fishing-related property not already listed in Part 6**<br>n/a | $                                -  |

| Debtor | NWon, LLC | Case number (if known) | Unknown |
|---|---|---|---|

**33.   Total of Part 6**
Add lines 28 through 32. Copy the total to line 85.

$ -

**34.   Is the debtor a member of an agricultural cooperative?**
☑   No
☐   Yes.  Is any of the debtor's property stored at the cooperative?
    ☐   No
    ☐   Yes

**35.   Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☑   No
☐   Yes.     Book Value _____     Valuation Method _____     Current Value _____

**36.   Is a depreciation schedule available for any of the property listed in Part 6?**
☑   No
☐   Yes

**37.   Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☑   No
☐   Yes

## Part 7:   Office furniture, fixtures, and equipment; and collectibles

**38.   Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑   No.  Go to Part 8.

☐   Yes.  Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **39.   Office furniture**<br>n/a | $ - |
| **40.   Office fixtures**<br>n/a | $ - |
| **41.   Office equipment, including all computer equipment and communication systems equipment and software**<br>n/a | $ - |
| **42.   Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles<br>n/a | $ - |

**43.   Total of Part 7**
Add lines 39 through 42. Copy the total to line 86.

$ -

**44.   Is a depreciation schedule available for any of the property listed in Part 7?**
☑   No
☐   Yes

**45.   Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑   No
☐   Yes

| Debtor | NWon, LLC | Case number (if known) | Unknown |
|---|---|---|---|

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**<br>n/a | $ - |
| **48. Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels<br>n/a | $ - |
| **49. Aircraft and accessories**<br>n/a | $ - |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**<br>n/a | $ - |
| **51. Total of Part 8**<br>Add lines 47 through 50. Copy the total to line 87. | $ - |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☑ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**<br>n/a | $ - |
| **56. Total of Part 9**<br>Copy the total to line 88. | $ - |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☑ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Debtor | NWon, LLC | Case number (if known) | Unknown |
|---|---|---|---|

---

**Part 10:**  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☑ No.  Go to Part 11.

   ☐ Yes.  Fill in the information below.

| | Current value of debtor's interest |
|---|---|

60. **Patents, copyrights, trademarks, and trade secrets**
   n/a  $ -

61. **Internet domain names and websites**
   n/a  $ -

62. **Licenses, franchises, and royalties**
   n/a  $ -

63. **Customer lists, mailing lists, or other compilations**
   n/a  $ -

64. **Other intangibles, or intellectual property**
   n/a  $ -

65. **Goodwill**
   n/a  $ -

66. **Total of Part 10**
   Add lines 60 through 65. Copy the total to line 89.  $ -

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
   ☑ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
   ☑ No
   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
   ☑ No
   ☐ Yes

---

**Part 11:**  All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☑ No.  Go to Part 12.

   ☐ Yes.  Fill in the information below.

| | Current value of debtor's interest |
|---|---|

71. **Notes receivable**
   n/a  $ -

72. **Tax refunds and unused net operating losses (NOLs)**
   n/a  $ -

73. **Interests in insurance policies or annuities**
   n/a  $ -

| Debtor | NWon, LLC | Case number (if known) | Unknown |
|---|---|---|---|

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**
n/a                                                                                          $            -

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**
n/a                                                                                          $            -

**76.** **Trusts, equitable or future interests in property**
n/a                                                                                          $            -

**77.** **Other property of any kind not already listed** *Examples:* Season tickets, country club membership
n/a                                                                                          $            -

**78.** **Total of Part 11**
Add lines 71 through 77. Copy the total to line 90.                                          $            -

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 12:    Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80.** **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $            - | |
| **81.** **Deposits and prepayments.** *Copy line 9, Part 2.* | $            - | |
| **82.** **Accounts receivable.** *Copy line 12, Part 3.* | $            - | |
| **83.** **Investments.** *Copy line 17, Part 4.* | Unknown | |
| **84.** **Inventory.** *Copy line 23, Part 5.* | $            - | |
| **85.** **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $            - | |
| **86.** **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $            - | |
| **87.** **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $            - | |
| **88.** **Real property.** *Copy line 56, Part 9.* | | $            - |
| **89.** **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $            - | |
| **90.** **All other assets.** *Copy line 78, Part 11.* | $            - | |
| **91.** **Total.** Add lines 80 through 90 for each column.................91a. | Unknown | 91b. $            - |

**92.** **Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                     Unknown

**Fill in this information to identify the case:**

Debtor name: _____ NWon, LLC _____

United States Bankruptcy Court for the: _____ District of ____ Delaware ____
(state)

Case number (if known): _____ Unknown _____

☐ Check if this is an
amended filing

# Schedule D:  Creditors Who Have Claims Secured by Property          **12/15**

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this f
   ☐ Yes. Fill in all of the information below.

| **Part 1:** | **List Creditors Who Have Secured Claims** |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

   n/a

   *Column A*
   **Amount of claim**
   Do not deduct the value
   of collateral.

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional** Page, if any.

   $                    -

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |
|---|---|

**List in alphabetical order any others who must be notified for a debt already listed in Part 1.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

   See Schedule D:  Part 2

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name:</td><td>NWon, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of   Delaware<br>(state)</td></tr>
<tr><td>Case number (if known):</td><td>Unknown</td></tr>
</table>

☐  Check if this is an amended filing

# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NON-PRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:   List Creditors Who Have Secured Claims

1.   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☑   No. Go to Part 2.
☐   Yes. Go to line 2.

2.   **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim |
|---|---|
| n/a | $                    - |

## Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3.   **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Total claim |
|---|---|
| n/a | $                    - |

## Part 3:   List Others to Be Notified About Unsecured Claims

**List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

n/a

## Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5.   **Add the amounts of priority and nonpriority unsecured claims.**

| | Total of claim amounts |
|---|---|
| 5a.   **Total claims from Part 1** | $                    - |
| 5b.   **Total claims from Part 2** | $                    - |
| 5c.   **Total of Parts 1 and 2** | $                    - |

| Fill in this information to identify the case: |
| --- |

Debtor name: **NWon, LLC**

United States Bankruptcy Court for the: _____ District of **Delaware**

(state)

Case number (if known): **Unknown**

☐ Check if this is an amended filing

# Schedule G: Executory Contracts and Unexpired Leases    **12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

    See Schedule G

| Fill in this information to identify the case: |
| --- |

Debtor name: _____ NWon, LLC _____

United States Bankruptcy Court for the: _____ District of _____ Delaware _____
(state)

Case number (if known): _____ Unknown _____

☐ Check if this is an
amended filing

# Schedule H: Codebtors                                                          **12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively.  Attach the Additional Page to this page.**

1.  **Does the debtor have any codebtors?**
    ☑  No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
    ☐  Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.***  Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

    See Schedule H

**Fill in this information to identify the case:**

Debtor name: _____ NWon, LLC _____

United States Bankruptcy Court for the: _____ District of _____ Delaware _____
                                                                                              (state)

Case number (if known): _____ Unknown _____

☐ Check if this is an amended filing

# Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

1.  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    1a.  **Real Property:**
        Copy line 88 from Schedule A/B ..................................................   $ _____  -

    1b.  **Total personal property:**
        Copy line 91A from Schedule A/B ................................................   Unknown

    1c.  **Total of all property:**
        Copy line 92 from Schedule A/B ..................................................   Unknown

| Part 2: | List Creditors Who Have Secured Claims |
|---|---|

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ..................   $ _____  -

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3b.  **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 2 of Schedule E/F ...................................   $ _____  -

    3b.  **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 3 of Schedule E/F ...........................   $ _____  -

4.  **Total liabilities** ...............................................................................   $ _____  -
    Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name    **NWon, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☒    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☒    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☒    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☒    *Schedule H: Codebtors* (Official Form 206H)
☒    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration    _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **6/2/23**        X    **/s/    Mark Baysinger**
                                    Signature of individual signing on behalf of debtor

                                    **Mark Baysinger**
                                    Printed name

                                    **Authorized Signatory**
                                    Position or relationship to debtor

**Schedule A/B:  Part 4, Question 15**
**Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an LLC, partnership or  joint venture**

| Name of Entity | Percentage of Ownership | Valuation Method Used for Current Value | Current Value of Debtor's Interest |
|---|---|---|---|
| 2816 Dissolution, Inc. | 100.0% | Unknown | Unknown |
| 1146 Dissolution, Inc. | 100.0% | Unknown | Unknown |
| 7695 Dissolution, Inc. | 100.0% | Unknown | Unknown |
| 3118 Dissolution, Inc. | 100.0% | Unknown | Unknown |
| 8634 Dissolution, Inc. | 100.0% | Unknown | Unknown |
| Velex, Inc. | 100.0% | Unknown | Unknown |
| Nexius Solutions, Inc. | 100.0% | Unknown | Unknown |

**Schedule G**
**Executory Contracts and Unexpired Leases**

NWon, LLC
Unknown

| Contract Title | Contract Counterparty | Address1 | Address2 | City | State | Zip | Country | Description of Contract or Lease | Nature of Debtor's Interest | State the Remaining Term |
|---|---|---|---|---|---|---|---|---|---|---|
| Business Auto Policy | Continental Casualty Company | 151 N Franklin | | Chicago | IL | 60606 | | Insurance | Insured | 62 days |
| CNA Commercial Inland Marine Policy | Continental Casualty Company | 151 N Franklin | | Chicago | IL | 60606 | | Insurance | Insured | 62 days |
| CNA Paramount Package Policy | Continental Casualty Company | 151 N Franklin | | Chicago | IL | 60606 | | Insurance | Insured | 62 days |
| CNA Paramount Excess & Umbrella Liability Policy | Continental Casualty Company | 151 N Franklin | | Chicago | IL | 60606 | | Insurance | Insured | 62 days |
| Workers Compensation And Employers Liability Insurance policy | Continental Casualty Company | 151 N Franklin | | Chicago | IL | 60606 | | Insurance | Insured | 62 days |
| CNA Paramount Renewal | Continental Casualty Company | 151 N Franklin | | Chicago | IL | 60606 | | Insurance | Insured | 62 days |
| Executive Commercial Policy | Harco National Insurance Company | 4200 Six Forks Rd, Suite 1400 | | Raleigh | NC | 27609 | | Insurance | Insured | 62 days |
| Commercial Lines Environmental Insurance Policy | Navigators Specialty Insurance Company | One Penn Plaza, 50th Floor | | New York | NY | 10119 | | Insurance | Insured | 62 days |
| A&R Promissory Note 350k | Nexius Solutions | 2595 North Dallas Parkway Suite 300 | | Frisco | TX | 75034 | | Internal Contract | Internal Contract | 275 days |
| A&R Promissory Note 399k | Nexius Solutions | 2595 North Dallas Parkway Suite 300 | | Frisco | TX | 75034 | | Internal Contract | Internal Contract | 275 days |
| AccuV Stock Transfer 399k | Nexius Solutions | 2595 North Dallas Parkway Suite 300 | | Frisco | TX | 75034 | | Internal Contract | Internal Contract | N/A |
| Allios Stock Transfer 5k | Paola Badaro | 2595 North Dallas Parkway Suite 300 | | Frisco | TX | 75034 | | Internal Contract | Internal Contract | N/A |
| Polex Preferred Stock Purchase | Polex, Inc. | 2595 North Dallas Parkway Suite 300 | | Frisco | TX | 75034 | | Internal Contract | Internal Contract | N/A |
| Velex Stock Transfer 9/14/18 | TFSF Limited, a Dubai Company | Mrah Ghamen St, Bikhazi Building, SS | | Brumana | | | Lebanon | Other | Other | N/A |
| Technology & Cyber Insurance Policy | Trisura Specialty Insurance Company | 210 Park Avenue, Suite 1300 | | Oklahoma City | OK | 73102 | | Insurance | Insured | 62 days |